United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11012
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO RAMOS-CISNEROS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-3
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Ramos-Cisneros (Ramos) appeals his guilty-plea
conviction and 36-month sentence for illegal reentry under
8 U.S.C. § 1326(a) and (b). He asserts that the district court
erred in sentencing him within the advisory guidelines range when
similarly-situated defendants receive downward departures for
entering early pleas in districts that have fast-track early
disposition programs. According to Ramos, the district court's
failure to consider this disparity under 18 U.S.C. § 3553(a)(6)
renders his sentence unreasonable. We recently rejected this

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument in United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006), petition for cert. filed (Nov. 13, 2006) (No. 06-7792).

Ramos also asserts that the district court's failure to specifically address the sentencing disparity issue under § 3553(a)(6) is reversible error. The district court did not plainly err. When a defendant is sentenced within the properly-calculated guidelines range, we "infer that the judge has considered all the factors for a fair sentence." United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006)(internal quotation marks and citation omitted).

Finally, Ramos asserts that the "aggravated felony" provision in § 1326 causes it to be unconstitutional. Ramos's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramos contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

The judgment of the district court is AFFIRMED.